RENDERED: MARCH 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1101-ME

J.O.D.                                                                    APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LIBBY G. MESSER, JUDGE
ACTION NO. 23-AD-00159

CABINET FOR HEALTH AND
FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY;
N.J.H., A CHILD; AND N.S.W.                                              APPELLEES

AND

NO. 2024-CA-1105-ME

J.O.D.                                                                    APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LIBBY G. MESSER, JUDGE
ACTION NO. 24-AD-00021

CABINET FOR HEALTH AND
FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY;
M.J.D., A CHILD; AND N.S.W.                                              APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Appellant, J.O.D. (Father), appeals the termination of his parental rights to two minor children in this consolidated appeal.

On October 11, 2024, Father's counsel filed a motion to withdraw and tendered a brief in Case No. 2024-CA-1101-ME and in Case No. 2024-CA-1105-ME pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361 (Ky. App. 2012).  By Order entered on November 6, 2024, this Court consolidated the appeals, allowed each party to file a single brief, and passed the motion to withdraw to this merits panel.  This Court permitted Father to proceed *pro se* and to file a supplemental brief within 30 days thereof -- as well as a reply brief. Father has not filed a supplemental brief or a reply brief.  We now proceed with our review.

Where, as here, counsel files an *Anders* brief and a motion to withdraw, "we are obligated to independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal."  *A.C.*, 362 S.W.3d at 372.  That is to say, we must determine if there is any meritorious ground on which to pursue an appeal.

-2-

In *Cabinet for Health and Family Services v. K.H.*, 423 S.W.3d 204, 209 (Ky. 2014), our Supreme Court explained as follows:

> KRS[1] 625.090 provides for a tripartite test which allows for parental rights to be involuntarily terminated only upon a finding, based on clear and convincing evidence, that the following three prongs are satisfied: (1) the child is found or has been adjudged to be an abused or neglected child as defined in KRS 600.020(1); (2) termination of the parent's rights is in the child's best interests; and (3) at least one of the termination grounds enumerated in KRS 625.090(2)(a)-[(k)] exists.

The standard of our review focuses on whether the trial court's findings are clearly erroneous. CR[2] 52.01.

> The trial court has a great deal of discretion in an involuntary termination of parental rights action. . . . [F]indings of fact of the trial court will not be disturbed unless no substantial evidence exists in the record to support its findings. Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people.

*C.A.W. v. Cabinet For Health & Family Services, Commonwealth*, 391 S.W.3d 400, 403 (Ky. App. 2013) (internal quotation marks and citations omitted).

On September 14, 2023, the Cabinet filed a petition for the involuntary termination of parental rights in the interest of N.J.H., a female child

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

-3-

born in 2022, naming N.S.W., the child's mother, and Father as respondents.  On

February 2, 2024, the Cabinet filed a petition for the involuntary termination of

parental rights in the interest of M.J.D., a male child born in 2023, again naming

N.S.W. and Father as respondents.

The cases were heard on April 23, 2024.[3]  We have reviewed the

recorded proceeding in its entirety.  Father was present and was represented by

counsel.  The Cabinet worker testified, and certified records from the underlying

juvenile proceedings were made exhibits to her testimony.  Father also testified.

Following the hearing, the family court entered written Findings of

Fact and Conclusions of Law (FFCL) and entered Orders Terminating Parental

Rights and Orders of Judgment in each case.  In relevant part, the court's FFCL

reflect that:

> 9. This case involves two minor children, siblings
> [N.J.H. and M.J.D.].  On September 6, 2022, the Cabinet
> filed a neglect action on behalf of [N.J.H.] in Fayette
> County Family Court (case number 22-J-667-001)
> against both parents, based on allegations of substance
> misuse, domestic violence, and unstable living
> conditions.  The couple were traveling from Connecticut
> when Mother suffered a seizure and became unconscious,
> leading to [N.J.H.'s] birth by emergency c-section.  After
> Mother's release from the hospital, it was reported that
> the parents were not allowed to stay at the hospital with
> the baby due to their aggressive behavior toward each
> other and hospital staff.  Arrangements were made for the

---

[3] At the hearing, the mother executed a voluntary termination of her parental rights to the children.

couple to stay at the Ronald McDonald house, where similar concerns persisted, along with reported use of marijuana on the premises. Neither parent appeared to have stable housing to take the baby upon discharge. Hospital staff were concerned that the parents were not feeding or caring for [N.J.H.].

10. **The Court adjudged [N.J.H.] as an abused or neglected child . . . based on its findings of fact after an adjudication hearing regarding Father**.

11. Emergency custody [of N.J.H.] was awarded to the Cabinet on September 6, 2022. The child has remained in the custody of the Cabinet and continuously resided in foster care since that date, and is committed to the Cabinet.

12. **After [M.J.D.] was born, the Cabinet filed a juvenile neglect petition on his behalf**, as the concerns leading to the removal of [N.J.H.] had not been addressed. The Court placed him in the temporary custody of the Cabinet on September 27, 2023. **Father entered a stipulation to abuse or neglect**. [M.J.D.] has continued in Cabinet custody and is committed to the Cabinet.

(Bold-face emphases added.)

KRS 625.090(1)(a)1. provides that a circuit court may involuntarily terminate parental rights if it "finds from the pleadings and by clear and convincing evidence that: (a) 1. The child has been adjudged to be an abused or neglected child, as defined in KRS 600.020(1), by a court of competent jurisdiction[.]" The first prong of the tri-partite test is satisfied as to each child according to the FFCL.

The second prong of the tri-partite test, KRS 625.090(1)(c), requires a circuit court to find from the pleadings and by clear and convincing evidence that "[t]ermination would be in the best interest of the child." KRS 625.090(3) mandates as follows:

> In determining the best interest of the child and the existence of a ground for termination, the Circuit Court shall consider the following factors:
>
> (a) Mental illness as defined by KRS 202A.011(9), or an intellectual disability as defined by KRS 202B.010(9) of the parent as certified by a qualified mental health professional, which renders the parent consistently unable to care for the immediate and ongoing physical or psychological needs of the child for extended periods of time;
>
> (b) Acts of abuse or neglect as defined in KRS 600.020(1) toward any child in the family;
>
> (c) If the child has been placed with the cabinet, whether the cabinet has, prior to the filing of the petition made reasonable efforts as defined in KRS 620.020 to reunite the child with the parents unless one or more of the circumstances enumerated in KRS 610.127 for not requiring reasonable efforts have been substantiated in a written finding by the District Court;
>
> (d) The efforts and adjustments the parent has made in his circumstances, conduct, or conditions to make it in the child's best interest to return him to his home within a reasonable period of time, considering the age of the child;

-6-

(e) The physical, emotional, and mental health of the child and the prospects for the improvement of the child's welfare if termination is ordered; and

(f) The payment or the failure to pay a reasonable portion of substitute physical care and maintenance if financially able to do so.

The family court properly considered each of these statutory factors with respect to each child as set forth at ¶¶ 12-26 of its FFCL, and it concluded that it is in each child's best interest that parental rights be terminated. We are satisfied from our review of the record that the family court's findings are supported by substantial evidence. Thus, the second prong of the tri-partite test is satisfied.

The final prong of the tri-partite test requires that the court find by clear and convincing evidence the existence of one of the grounds enumerated in KRS 625.090(2)(a)-(k). Proof of only one ground is required.

With respect to each child, the family court concluded that grounds exist for the termination of Father's parental rights under KRS 625.090(2)(e); *i.e.*, for not less than six months, the parent "continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child[.]"

The family court's findings which support its conclusion include the following:

13. The Cabinet offered a case plan to Father consisting of numerous services. . . . He was also expected to refrain from criminal activity, obtain no new charges and resolve active criminal charges.

. . .

16. . . . Due to his criminal conduct, [Father] was incarcerated from January 2023 until March 2024.

. . .

18. Since he was released from jail, [Father] has not demonstrated any efforts to make progress on his case plan. He claims he completed a substance abuse assessment for his parole officer. However, he has not presented any documentation to the Cabinet or this Court. . . .

19. Father's pattern of behavior, including his continued substance misuse, criminal lifestyle, and refusal to engage in services, has rendered him incapable of caring for the immediate and ongoing needs of [each] child. Throughout this case, he has continuously or repeatedly failed to provide any form of parental care or protection for [each] child. This includes a failure to provide adequate care, supervision, food, clothing, shelter, and education or medical care necessary for [each] child's well-being. The court finds that these failures are primarily the result of father's behavior, and not due to a lack of financial resources.

. . .

25. . . . The siblings are placed together in a foster home, where they are bonded and thriving. All their

-8-

needs are being met, and they are developmentally on target. This foster home is the only home they know . . . .

. . .

28. . . . The Cabinet has exhausted its resources, and there are no additional services that the Cabinet could offer that would result in reunification in the foreseeable future.

We are satisfied from our review of the record the family court's findings have a substantial evidentiary foundation that amply support its conclusion that grounds for termination exist under KRS 625.090(2)(e).

Having determined that there are no meritorious grounds for reversal, we affirm the Order Terminating Parental Rights and Order of Judgment entered by the Fayette Family Court in Case No. 23-AD-00159 in re: N.J.H., ***and*** we affirm the Order Terminating Parental Rights and Order of Judgment entered by the Fayette Family Court in Case No. 24-AD-00021 in the interest of M.J.D. By separate Order we grant counsel's motion to withdraw.

ALL CONCUR.

BRIEF FOR APPELLANT:

Damion J. Sanford
Lexington, Kentucky

BRIEF FOR APPELLEE:

Kevin Martz
Covington, Kentucky